UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HUI WANG,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Warden of Otay Mesa Detention Center,

Respondent.

Case No.: 26cv3119-LL-GC

**ORDER DENYING MOTION TO ENFORCE JUDGMENT**

[ECF No. 7]

Before the Court is Petitioner Hui Wang's Motion to Enforce Judgment. ECF No. 7. The government filed an Opposition [ECF No. 12], and Petitioner filed a Reply [ECF No. 14]. For the reasons set forth below, the Court **DENIES** the Motion.

On May 28, 2026, this Court granted Petitioner's Petition for Writ of Habeas Corpus and ordered an individualized bond hearing before an immigration judge ("IJ"), in which the government would bear the burden of establishing flight risk or dangerousness by clear and convincing evidence. ECF No. 5. On June 5, 2026, the IJ held a bond hearing and denied bond after finding the government "met its burden by clear and convincing evidence of demonstrating the respondent is a flight risk given her manner of entry hidden in a trunk, lack of community ties, lack of family, and all relief has already been denied." ECF

/ / /

No. 12-1 at 2. Petitioner appealed the bond denial on June 29, 2026 to the Board of Immigration Appeals. ECF No. 7-3.

Petitioner argues that the IJ failed to comply with this Court's order by failing to apply the proper burden, failing to consider alternative conditions of release and Petitioner's ability to pay, and failing "to address the evidence showing community ties and no criminal history." ECF No. 7 ¶ 56.

A federal court has "inherent power to enforce its judgments." *Peacock v. Thomas*, 516 U.S. 349, 356 (1996); *Crawford v. Honig*, 37 F.3d 485, 488 (9th Cir. 1994), *as amended on denial of reh'g* (Jan. 6, 1995) ("[D]istrict courts have continuing jurisdiction to enforce their injunctions."). "The moving party has the burden of showing by clear and convincing evidence" that Respondents "violated a specific and definite order of the court." *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992), *as amended on denial of reh'g* (Aug. 25, 1992) (citation omitted). The burden then shifts to Respondents "to demonstrate why they were unable to comply." *Id.* (citation omitted).

When reviewing an immigration custody determination in habeas proceedings, the district court must apply an abuse of discretion standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024) ("When questions require a close review of agency-found facts, like the 'dangerousness' determination [in an immigration custody hearing], we review for an abuse of discretion."). In doing so, the court "cannot reweigh evidence . . . but can only determine whether the [IJ] applied the correct legal standard." *Id.* at 785 (internal brackets and citation omitted). "Thus, the Court's review is effectively limited to whether the IJ's decision 'reflects "clear legal error" or is unsupported by sufficient evidence.'" *Kumar v. Noem*, No. 1:26-CV-01148-DJC-AC, 2026 WL 983129, at *2 (E.D. Cal. Apr. 13, 2026) (citation omitted).

After reviewing the briefings, including the transcript of the bond hearing, the Court disagrees that the IJ failed to conduct a hearing in compliance with this Court's order. First, the Court's order stated that the IJ shall "consider alternative conditions of release and Ms. Wang's ability to pay bond if he or she determines bond is appropriate." ECF No. 5 at 2.

The IJ did not find bond was appropriate, so he did not have to consider alternative conditions of release or Petitioner's ability to pay. *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017) (finding that alternative release conditions and ability to pay must be considered when a detainee has been found not to be dangerous or a flight risk); *Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024) (noting that *Hernandez* relied on "*absence* of dangerousness or flight-risk determination in procedural due process analysis"). Second, the Court finds the IJ applied the correct burden of proof. At the beginning of the hearing, the IJ stated that the habeas order put the burden on the government by clear and convincing evidence, and he confirmed with both parties that they agreed the burden was on the government. ECF No. 12-1 at 6. Evidence from both sides was admitted. *Id.* at 7. The IJ also heard argument from both parties. *Id.* at 7–8. At the conclusion, the IJ found the majority of the *Guerra* factors weighed against Petitioner, including that a "very high flight risk factor" was Petitioner's manner of entry by "affirmatively paying someone to hide in a trunk," which indicated "an intent to evade immigration inspection and evade the United States immigration laws." *Id.* at 9.

To the extent Petitioner disagrees with the IJ's application of the correct burden of proof, the Court finds that argument should be addressed to the Board of Immigration Appeals, which is currently considering Petitioner's appeal of the IJ's decision. This Court "cannot reweigh evidence" and can only determine if the IJ applied the correct legal standard. *Martinez*, 124 F.4th at 784. Petitioner has not shown by clear and convincing evidence that the government "violated a specific and definite order of the court." *See Stone*, 968 F.2d at 856 n.9.

Accordingly, the Court **DENIES** Petitioner's Motion to Enforce Judgment.

**IT IS SO ORDERED**.

Dated: October 28, 2026

Honorable Linda Lopez
United States District Judge